White, J.
Application is made on behalf of two of the plaintiffs in error, JoL' and Jonathan M. Welch, for the allowance of an injunction by this court pending the proceedings in error. The application is submitted on an agreed statement of facts and upon affidavits.
The object of the pending proceeding in error is to obtain the reversal of the judgment of the district court of Jackson county, rendered in a suit instituted by Hiram G. Lasley, the mortgagee, for the foreclosure of a mortgage. The court found the amount of the mortgage debt, and in default of payment ordered a sale of the mortgaged premises.
The mortgage was given to secure the unpaid portion of the purchase-money of a tract of land purchased of Lasley by the defendants below, the present plaintiffs in error. In their answer to the suit on the mortgage, they set up that the sale of the land was effected by fraud on the part of Lasley, and prayed a rescission.
The purchasers gave to Lasley their separate notes for their respective portions of the unpaid purchase-money; and as John and Jonathan M. Welch took a half interest in the purchase *417 they gave their joint notes in that proportion. The notes were all included in the mortgage.
Besides the suit for the foreclosure of the mortgage, Lasley also instituted separate suits on the notes to recover personal judgments against the makers.
In the personal action against John and Jonathan. M. Welch, the defendants, among other things, set up by way of defense, (1) the, same fraud pleaded in the answer to the suit on the mortgage; (2) an agreement between the parties, that the suit on the notes should not be prosecuted until the mortgage suit on error should be determined.
To these defenses the plaintiff, Lasley, pleads, by way of reply: 1. The finding and judgment of the district court in the suit on the mortgage, as an adjudication of the question of fraud thus raised. 2. A denial of the making of the alleged agreement.
The present application asks that Lasley be enjoined from prosecuting this personal action to final judgment.
The granting of the application for an injunction is resisted, on the ground that it would be the exercise of original jm-isdiction by this court; and Kent v. Mahaffy (2 Ohio St. 498) is relied upon in support of the position. It was there held that the power to grant an injunction in a case pending in the court of common pleas cannot constitutionally be conferred on this court. To the same effect is .the case of Railway Company v. Hurd, 17 Ohio St. 144.
We do not question the authority of these eases; and in so> far as the application is founded on the alleged agreement to. suspend proceedings in the action on the notes, we think the objection is well taken. If such an agreement was made, the parties must seek to avail themselves of it in the court of common pleas, where the action is pending.
But in so far as Lasley, the defendant in error, relies on the finding and judgment of the district court, in the suit on the. mortgage, to support his action on the notes, he stands on a different footing. That finding and judgment are under review, on petition in .error, in this court; and the execution of the *418 judgment or decree lias been staid until tbe case in error shall be determined.
To allow tbe judgment of tbe district court to bar tbe making of defense in tbe action on tbe notes, is only an indirect way of enforcing that judgment; and may deprive the plaintiffs in error of the benefit of its reversal, if, on the final bearing of tbe petition in error, it should be reversed. Tbe proceedings in error in tbe mortgage suit would form no part of tbe record of tbe suit on tbe notes; and hence would constitute no ground for reversing tbe judgment rendered in tbe personal-action on tbe notes.
Section 5513 of tbe Revised Statutes authorizes this court, or a judge thereof, to allow an in junction,, as a temporary remedy, during the pending in this court of a case on error.
Tbe making of such an allowance is not tbe exercise of original, but of appellate jurisdiction, and is intended -'only for tbe protection of tbe rights of tbe parties in tbe suit or matter under review, on error.

Injunction allowed.